UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | CIVIL ACTION NO. 13-1565 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JACKEL INTERNATIONAL LIMITED, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before this Court is Defendants Jackel International, Ltd., Mayborn Group, Ltd., Product Marketing Mayborn, Ltd., Jackel China, Ltd., Mayborn USA, Inc., and Mayborn ANZ Pty. Ltd.'s ("Defendants") Motion for Reconsideration [Doc. No. 54]. For the following reasons, Defendants' Motion is GRANTED.

## I.     INTRODUCTION

On August 27, 2013, Plaintiff Luv N' Care, Ltd. ("Plaintiff") filed a "Notice of Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A)(i)" [Doc. No. 51].

On August 30, 2013, Plaintiff filed a "Motion to Withdraw Notice of Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A)(i)" [Doc. No. 52].

On September 4, 2013, this Court issued an Order [Doc. No. 53] granting Plaintiff's Motion and allowing withdrawal of the Notice of Voluntary Dismissal. Defendants filed a Motion for Reconsideration [Doc. No. 54] on September 6, 2013. Plaintiff did not file an opposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that an order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, the Court may grant this type of motion "to correct manifest errors of law," among other bases. *See In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (citing *Motiva Enterprises LLC v. Wegmann*, No. 00-3096, 2001 WL 246414 (E.D. La. Mar. 12, 2001)).

### III. ANALYSIS

If a plaintiff voluntarily dismisses a complaint under Federal Rule of Civil Procedure 41(a)(1)(A)(i), then the dismissal is effective upon filing and does not require judicial action. *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (holding that the "filing of notice [of voluntary dismissal under Rule 41(a)(1)] with the Clerk... itself closes the file"). When a Rule 41(a)(1)(A)(i) notice of voluntary dismissal becomes effective, the plaintiff may not withdraw the notice. *Shlikas v. Wake Forest Univ.*, 1999 WL 1939241, at *2 Fed. R. Serv. 3d 684 (M.D.N.C. 1999); *see also* 8 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.33 [6][f] (Matthew Bender 3d ed. 2006) ("Once a notice of dismissal is filed, the case is closed and the plaintiff may not unilaterally withdraw or amend the notice."). Furthermore, "[a] proper notice deprives the district court of jurisdiction to decide the merits of the case." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) (citing *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1064-65 (3d Cir. 1987)); *see also Franco v. Connecticut Gen. Life Ins. Co.*, No. 07-6039 (SRC), 2010 WL 2680193 (D.N.J. June 30, 2010) (holding that the court could not enforce a withdrawal of a voluntary dismissal because the plaintiff's filing of notice divested the court of jurisdiction).

Here, Plaintiff filed a Notice of Voluntary Dismissal with the Clerk, which automatically terminated the case and deprived the Court of jurisdiction. Once filed, Plaintiff could not unilaterally withdraw the Notice, and the Court could not enforce the withdrawal. Accordingly, the Court committed an error of law when it granted Plaintiff's Motion to Withdraw Notice of Voluntary Dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration [Doc. No. 54] is GRANTED. The Court's September 4, 2013 Order [Doc. No. 53] granting Plaintiff's Motion to Withdraw Notice of Voluntary Dismissal is VACATED, the Notice of Voluntary Dismissal [Doc. No. 51] shall be reinstated, and this case is CLOSED effective August 27, 2013.

MONROE, LOUISIANA, this 21st day of October, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE